```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
P.C.,                                                                  :
                                                                       :
                                                                       :
                       Plaintiff,                                      :
                                                                       :      24-cv-2496 (LJL)
        -v-                                                            :
                                                                       :      MEMORANDUM &
PETER V. DRISCOLL, M.D., ANTHONY R. PERKINS,                           :      ORDER
M.D., PERKINS MEDICAL CARE N.J., P.C., SERGEY                          :
VOSKIN, M.D., ELLA VOSKRESENSKIY AKA ELLA                              :
VOSKIN, NYC MEDICAL PRACTICE, P.C. D/B/A                               :
GOALS AESTHETICS & PLASTIC SURGERY, and                                :
MY GOALS SOLUTIONS, INC.,                                              :
                                                                       :
                       Defendants.                                     :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/03/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiff has filed a Complaint under the pseudonym P.C., bringing claims of medical malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, respondeat superior, negligent hiring, retention, and supervision, and for violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq*.  Dkt. No. 1.  Plaintiff has filed a motion requesting that the Court allow Plaintiff to proceed under a pseudonym, and order all parties, witnesses, counsel, and related parties to this matter to refer to Plaintiff by that pseudonym in all statements, filings, and pre-trial hearings.  Dkt. No. 4.

The limited issue before the Court at this stage is whether to permit the filing of the complaint under the pseudonym and to permit the Clerk of Court to issue summonses to Defendants.  Under Federal Rule of Civil Procedure 4(b), "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal" and, if the summons is properly completed, "the clerk must sign, seal, and issue it to the plaintiff for service on the

defendant." Fed. R. Civ. P. 4(b).  Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  The Second Circuit has held that the requirement to name names "cannot be set aside lightly."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008).  It has identified ten factors for courts to consider in determining whether the plaintiff's interest in anonymity outweighs the public interest in disclosure and the prejudice to defendant.  *Id.* at 189–90.

The Court will permit the filing of the complaint and the issuance of summonses to Defendants.  Plaintiff represents that Defendants are "already aware of the Plaintiff's identity through pre-litigation communications; thus, they are not at a disadvantage in their defense."  Dkt. No. 4 at 3.  At the same time, Plaintiff avers that her identify has to date remained confidential to the greater public.  *Id.*  The litigation involves matters that are highly sensitive and of a personal nature.  Plaintiff alleges that she experienced sexual assault during a medical procedure.  *Id*.  Finally, Plaintiff avers that disclosure of her identity could exacerbate the emotional harm that she alleges she incurred as a result of the events giving rise to the action.  *Id.*  The Court therefore finds that the factors outlined in *Sealed Plaintiff* suggest that at this stage, Plaintiff should be permitted to file the complaint under a pseudonym and summonses should be issued to Defendants accordingly.

The Clerk of Court is respectfully directed to issue the summonses requested by Plaintiff. Defendants are directed to only refer to Plaintiff as P.C. in all court filings and pre-trial hearings pending further order of the Court.  Defendants are directed to advise the Court by filing on ECF within two weeks of service of the Complaint, of their position with respect to the motion at Dkt. No. 4, which remains *sub judice*.

SO ORDERED.

Dated: April 3, 2024
      New York, New York

                                                 LEWIS J. LIMAN
                                     United States District Judge