```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
P.C.,                                                            :
                                                                 :
                             Plaintiff,                          :
                                                                 :        24-cv-2496 (LJL)
        -v-                                                      :
                                                                 :        MEMORANDUM &
PETER V. DRISCOLL, M.D., ANTHONY R. PERKINS,                     :        ORDER
M.D., PERKINS MEDICAL CARE N.J., P.C., SERGEY                    :
VOSKIN, M.D., ELLA VOSKRESENSKIY AKA ELLA                        :
VOSKIN, NYC MEDICAL PRACTICE, P.C. D/B/A                         :
GOALS AESTHETICS & PLASTIC SURGERY, and                          :
MY GOALS SOLUTIONS, INC.,                                        :
                                                                 :
                             Defendants.                         :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff P.C. ("Plaintiff") moves by letter for an order compelling Defendants NYC Medical Practice, P.C. ("NYC Medical"), My Goals Solutions, Inc. ("Goals"), and Perkins Medical Care N.J., P.C. ("Perkins Medical") (collectively, "Defendants") to supplemental their discovery responses and document production in compliance with the Court's order at the October 28, 2024 discovery hearing. Dkt. No. 97.

At the October 28, 2024 discovery hearing, the Court ordered Defendants to produce the following documents:

1. A copy of the accreditation file from Perkins Medical;
2. A copy of the sexual harassment policy of Perkins Medical;
3. Contracts between Perkins Medical, Goals, and NYC Medical, during the period from January of 2021 through June of 2022;
4. Schedules and times sheets for any employee working on June 7, 2023 at Perkins Medical or Goals;
5. The full names of witnesses referenced in the affidavit of Nikolija Drobnjak;
6. All photos, floor plans, and diagrams of the surgical center where the incident took place;

      7. Any informal or formal complaints regarding Dr. Driscoll as well as any materials produced to the New Jersey Attorney General regarding Dr. Driscoll; and
      8. Emails, text messages, video or audio recordings including surveillance or Ring camera footage from inside or outside of the Goals and Perkins facilities of plaintiff, or anything on the day of the assault or related to the assault itself.

Dkt. No. 94. The Court also ordered Defendants to provide an interrogatory response identifying all medical malpractice claims against Perkins Medical and ordered each entity Defendant to provide an interrogatory response identifying its officers and directors. *Id.*

    Plaintiff states that she has received unverified responses to certain of the requests as well as some documents but still has not received a complete production as of December 6, 2024—more than five weeks after the hearing and more than four months after Plaintiff's requests were initially propounded. Dkt. No. 97. Plaintiff also states that "Plaintiff has attempted to schedule depositions of defense witnesses and ha[s] provided available dates to Defendants" but that Defendants have not responded to Plaintiff's scheduling requests. *Id.*

    Defendants' explanation for the delayed and incomplete production is underwhelming. Dkt. No. 98. Defendants' counsel states that he was travelling on a preplanned vacation from November 3 through November 10 but provides no explanation as to why he could not have collected the documents during the six days prior to his vacation or why he failed to arrange for another attorney to assist while he was away. *See Johannes v. Lasley*, 2019 WL 1958310, at *3 (E.D.N.Y. May 2, 2019); *Turner v. Hudson Transit Lines, Inc.*, 1991 WL 123966, at *3 (S.D.N.Y. July 2, 1991).

    With respect to the outstanding documents, Defendants state that the accreditation consultant has not yet sent counsel the accreditation binders but that Plaintiff "may review and copy the paper versions." Dkt. No. 98 at 2. However, at the discovery hearing, the Court ordered Defendants to produce the accreditation file to Plaintiff and Defendants' counsel stated "I can direct my clients to do that." Defendants offer no excuse for their failure to comply with

the Court's order. Under Rule 37(b) of the Federal Rules of Civil Procedure, courts have wide discretion to sanction parties that fail to obey discovery orders. Fed. R. Civ. P. 37(b). Courts may assess sanctions against both attorneys and litigants according to their relative roles in causing the delay. *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012). Defendants also represent that the HR consultant who is to provide the employee timesheets for production "has not yet found them." Dkt. No. 98 at 2. Defendants do not clarify whether the timesheets have been destroyed, whether Defendants do not have possession, custody, or control of the timesheets for any other reason, or what steps they have taken to attempt to locate and produce the timesheets.

With respect to scheduling depositions, Defendants state that Defendants and counsel were not available at the times Plaintiff proposed. Dkt. No. 98 at 3. However, Defendants do not identify any attempt Defendants made to respond to Plaintiff's scheduling requests or to propose times when they would be available. *Id.*

Finally, Defendants request that the Court revisit its order denying Defendants' motion to stay discovery pending decision of Defendants' motions to dismiss the amended complaint and for summary judgment. Dkt. No. 71. For the same reasons stated in the Court's prior order, that request is denied. In particular, Defendants are not correct that, if the motions to dismiss or for summary judgement are granted, Defendants "will be constrained to spend thousands upon thousands of dollars defending and performing discovery in this jurisdiction only to repeat same in a proper jurisdiction in New Jersey." Dkt. No. 98 at 3. Absent any showing that discovery in a New Jersey forum would not overlap with the discovery Plaintiff seeks here, there is no prejudice and "it would impede at least the 'just' and 'speedy' imperatives of the Rules to delay

3

discovery now." *Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021).

Plaintiff's motion is granted. Defendants are ordered to provide verified interrogatory responses and to make a complete production of documents responsive to the Court's order at the October 28, 2024 hearing no later than December 26, 2024. Plaintiff and Defendants are ordered to meet and confer in good faith with respect to scheduling depositions.

The Clerk of Court is respectfully requested to close the motion at Dkt. No. 97.

SO ORDERED.

Dated: December 18, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4